<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JOHN SINCLAIR, | |
| Plaintiff, | Case No. 25cv14329 (EP) (JRA) |
| v. | **MEMORANDUM ORDER** |
| CAPITAL ONE FINANCIAL CORP., | |
| Defendant. | |

**PADIN, District Judge.**

*Pro se* Plaintiff John Sinclair ("Plaintiff" or "Sinclair") alleges that Defendant Capital One Financial Corp. ("Defendant" or "Capital One") continued reporting a charged-off outstanding balance on his credit card account in violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the New Jersey Consumer Fraud Act ("NJCFA"), N.J.S.A. 56:8-1 *et seq.* D.E. 1-1 ("Complaint" or "Compl.").

After Sinclair commenced this action in the Superior Court of New Jersey, Union County, Law Division, Capital One properly removed the case to this Court. D.E. 1 ("Notice of Removal"). Capital One now moves to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). D.E. 7-1 ("Motion" or "Mot.").[1] Sinclair opposes the Motion. D.E. 10 ("Opposition"

---

[1] Capital One filed its Notice of Motion at D.E. 7.

or "Opp'n").[2]  Capital One replies.  D.E. 15 ("Reply").

Separately, Sinclair moves for a preliminary injunction seeking to enjoin Capital One from continuing to report a charged-off debt on his credit reports.  D.E. 14 ("PI Motion").  Capital One opposes the PI Motion.  D.E. 15.

The Court decides the Motion and the PI Motion without oral argument.  *See* Fed. R. Civ. P. 78 and L. Civ. R. 78.1(b).  For the reasons set forth below, the Court will **GRANT** Capital One's Motion to Dismiss, **DISMISS** Plaintiff's Complaint, and **DENY** as **MOOT** Plaintiff's Motion for a Preliminary Injunction.

## I.      BACKGROUND[3]

Sinclair opened a credit card account (the "Account") with Capital One around December 2010.  Compl. ¶¶ 1–2.  In December 2019, Capital One "charged-off"[4] the Account with an outstanding balance of $983, and Capital One continues to report the Account as having a past due balance of $983.  *Id.* ¶¶ 5–7.  Plaintiff alleges that Capital One's continued reporting of the $983 as past due "re-aged" the debt, which makes the debt appear more recent, and is therefore factually inaccurate.  *Id.* ¶¶ 8–9.

As a result of this past due amount being reflected on Plaintiff's credit reports "for years," Plaintiff experiences damage to his "credit score and creditworthiness; denial of credit and

---

[2] Plaintiff filed two "oppositions" to Defendant's Motion, D.E. 10 and D.E. 12.  As the Court previously determined, D.E. 12 is an impermissible "sur-reply."  D.E. 13.  Therefore, the Court only considers D.E. 10 when deciding Defendant's Motion.

[3] The facts in this section are taken from the well-pled factual allegations in the Complaint, which the Court presumes to be true for purposes of resolving the motion.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[4] Capital One explains that to "charge off" an account means that Capital One "merely decide[d] to cease its own efforts to bring the account current."  Mot. at 6 (citing *Cooper v. Pressler & Pressler, LLP*, 912 F. Supp. 2d 178, 181 n.3 (D.N.J. 2012) (explaining what it means to "charge off" an account)).

2

unfavorable credit terms; emotional distress; pain and suffering; humiliation; and mental anguish." *Id.* ¶¶ 10–11. Based on these allegations, Plaintiff brings three counts: (1) willful violation of the FCRA; (2) violation of the FDCPA;[5] and (3) violation of the NJCFA. *Id.* ¶¶ 12–27.

## II.    LEGAL STANDARDS

### A.    Federal Rule of Civil Procedure 12(b)(6)

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a court accepts all factual allegations as true, construes the complaint in the plaintiff's favor, and determines "whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (citation modified). As Plaintiff is proceeding *pro se*, the Court holds the Complaint to a less stringent standard than one drafted by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, the Court need not "credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 282 (D.N.J. 2013) (quoting *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)). "In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010).

To survive a Rule 12(b)(6) challenge, the plaintiff's claims must be facially plausible, meaning that the well-pled facts "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). The allegations must be "more than labels and conclusions,

---

[5] In Plaintiff's Opposition, he withdraws his FDCPA claim. Opp'n at 3. Therefore, the Court will dismiss it from the Complaint and does not analyze it further.

and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "[A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Finally, "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.*

### B. Federal Rule of Civil Procedure 65

A preliminary injunction is "'an extraordinary remedy' and 'should be granted only in limited circumstances.'" *See Kos Pharms., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004) (quoting *Am. Tel. & Tel. Co. v. Winback & Conserve Program, Inc.*, 42 F.3d 1421, 1427 (3d Cir. 1994)). Such extraordinary relief should be granted only if a party shows: (1) a likelihood of success on the merits; (2) that it will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief. *Id.* (citing *Allegheny Energy, Inc. v. DQE, Inc.*, 171 F.3d 153, 158 (3d Cir. 1999)).

The first two factors are particularly critical and must be met before a preliminary injunction may issue. *Reilly v. City of Harrisburg*, 858 F.3d 173, 176, 179 (3d Cir. 2017). If these gateway factors are met, courts may then consider the remaining two factors and determine whether "in its sound discretion ... all four factors, taken together, balance in favor of granting the requested preliminary relief." *Id.* at 179.

### III. DISCUSSION

#### A. The FCRA Preempts Plaintiff's NJCFA Claim (Count III)

Plaintiff alleges that Capital One violated the New Jersey Consumer Fraud Act by "engag[ing] in unconscionable commercial practices and deceptive conduct in connection with

consumer credit services," which he alleges "constitute[] a misrepresentation and deceptive practice under N.J.S.A. 56:8-2." Compl. ¶ 23. Capital One argues that Plaintiff's NJCFA claim fails because: (1) it is preempted by the FCRA; and (2) Plaintiff fails to plead fraud with particularity.[6] Plaintiff responds that his claim is "actionable independently" from the FCRA because it is based on Capital One's "broader or separative deceptive conduct," and therefore "preemption does not apply." Opp'n at 3. The Court disagrees.

The FCRA contains two preemption provisions. The first, Section 1681t(b)(1)(F), provides: "[n]o requirement or prohibition may be imposed under the laws of any State . . . with respect to the subject matter regulated under . . . [S]ection 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies . . . ." The second, Section 1681h(e), provides: "no consumer may bring any action or proceeding in the nature of . . . negligence with respect to the reporting of information against any . . . person who furnishes information to a consumer reporting agency . . . except as to false information furnished with malice or willful intent to injure such consumer."

In accordance with these statutes, courts in this District have consistently held that the FCRA preempts state statutory and common law claims. *See Burrell v. DFS Services, LLC*, 753 F. Supp. 2d 438, 449–51 (D.N.J. 2010) (explaining that the FCRA "leave[s] no room for state law claims against furnishers of information … regardless of whether those claims are couched in terms of common law or state statutory obligations"); *Bertollini v. Harrison*, No. 18-15355, 2019 WL 2296150, at *3–4 (D.N.J. May 30, 2019) (analyzing the FCRA's broad preemptive effect and following *Burrell*'s approach); *Ramos v. Wells Fargo, N.A.*, No. 16-0880, 2019 WL 2743454, at

---

[6] Because the Court finds that Plaintiff's NJCFA claim and any other common law fraud claim are preempted by the FCRA, the Court does not address Capital One's arguments regarding the sufficiency of Plaintiff's pleadings.

*9 (D.N.J. Apr. 24, 2019) (adopting *Burrell*'s "total preemption approach" with respect to "a furnisher of information's duties to report information to credit reporting agencies"); *Ameri v. Equifax Info.*, No. 14-3319, 2015 WL 1275283, at *5 (D.N.J. Mar. 19, 2015) (same); *Edwards v. Equable Ascent, FNCL, LLC*, No. 11-2638, 2012 WL 1340123, at *7 (D.N.J. Apr. 16, 2012) (same); *Nonnenmacher v. Capital One*, No. 10-1367, 2011 WL 1321710, at *2–4 (D.N.J. Mar. 31, 2011) (same).

Regardless of how Sinclair attempts to plead a fraud claim—either under the NJCFA or as a common law fraud claim, Opp'n at 3—the FCRA preempts such claims to the extent that they allege inaccurate reporting to credit reporting agencies. *See, e.g.*, *Franchino v. J.P. Morgan Chase Bank, N.A.*, No. 19-2893, 2020 WL 3046318, at *1 n.2 (D.N.J. June 8, 2020) ("To the extent that [plaintiff] asserts common-law or state law claims related to the inaccurate reporting to the credit bureaus by Chase, those claims are preempted by Section 1681t(b)(1)(F) of the FCRA.") (citation omitted).  Therefore, even if the third count is interpreted as a common law fraud claim, it still fails.

Because the Court finds that Plaintiff's NJCFA claim is preempted by the FCRA, the Court will **DISMISS** Count III, Plaintiff's NJCFA claim, ***with prejudice***.

### B.    Plaintiff Fails to Plead an FCRA Claim (Count I)

The Court next considers Plaintiff's FCRA claim, in which he alleges that Capital One "willfully furnished inaccurate information to consumer reporting agencies by reporting a charged-off account as having ongoing past due amounts."  Compl. ¶ 14.  For the reasons below, the Court will **DISMISS** Plaintiff's FCRA claim.

1.      *Plaintiff fails to plead that he disputed the Account with a CRA*

The FCRA "protect[s] consumers from the transmission of inaccurate information about them, and to establish credit reporting practices that utilize accurate, relevant, and current information in a confidential and responsible manner." *Cortez v. Trans Union, LLC*, 617 F.3d 688, 706 (3d Cir. 2010) (quotation marks omitted).  The FCRA imposes duties on entities like Capital One that furnish information to credit reporting agencies ("CRAs").  "Under 15 U.S.C. § 1681s-2(a), for instance, the furnisher of information has a duty to provide accurate information.  Additionally, 15 U.S.C. § 1681s-2(b) imposes a duty to conduct an investigation into the completeness and accuracy of the information furnished in certain circumstances."  *SimmsParris v. Countrywide Fin. Corp.*, 652 F.3d 355, 357 (3d Cir. 2011) (citing *id.* at 714).

The FCRA provides individuals with a private cause of action for willful and negligent violations of the Act.  *SimmsParris*, 652 F.3d at 358 (citing 15 U.S.C. § 1681s-2(b)).  To state an FCRA claim against a furnisher under Section 1681s-2(b), a plaintiff must prove that: (1) he notified a CRA of the dispute under § 1681i; (2) the CRA notified the data furnisher; and (3) the data furnisher failed to investigate the dispute.  *Horsch v. Wells Fargo Home Mortg.*, 94 F. Supp. 3d 665, 672 (E.D. Pa. 2015); *see also Gatanas v. Am. Honda Fin. Corp.*, No. 20-7788, 2020 WL 7137854, at *2 (D.N.J. Dec. 7, 2020).

At the outset, Capital One asserts that Plaintiff failed to plead that he ever notified a CRA about the disputed information, thus failing to trigger Capital One's duty to investigate the dispute.  Mot. at 5.  The Court agrees.  The Third Circuit has explained that "the duties that are placed on furnishers of information by this subsection are implicated only '[a]fter receiving notice pursuant to section 1681i(a)(2) of this title of a dispute with regard to the completeness or accuracy of any

7

information provided by a person to a consumer reporting agency.'" *SimmsParris*, 652 F.3d at 358 (quoting 15 U.S.C. § 1681s-2(b)(1)).

Plaintiff did not plead that he ever disputed the Account with a CRA. *See* Compl. Plaintiff's Opposition includes a screenshot from Experian indicating that at some point in time, the Account was disputed. Opp'n at Ex. A. But Plaintiff may not amend his pleadings through briefing. *Pennsylvania ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) ("[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss."). Sinclair may amend his FCRA claim in an amended pleading, but is cautioned that pursuing a claim under the FCRA requires adherence to all of its procedural requirements. *See SimmsParris*, 652 F.3d at 358. Put simply, Plaintiff will fail to state an FCRA claim if he does not plead facts showing compliance with these requirements, even if he can show he partially complied.

### 2.    *Plaintiff fails to plead an inaccuracy in his credit report*

Capital One also asserts that Plaintiff's FCRA claim fails because "reporting a balance on a charged-off account is not an inaccuracy as a matter of law." Mot. at 6. Plaintiff does not dispute that the past due balance of $983 is still legally enforceable. Opp'n at 2. Plaintiff also concedes that Capital One listing this amount as past due is "technically correct," but argues it is "misleading and actionable under [the] FCRA." *Id.* The Court disagrees with Plaintiff.

Plaintiff argues that reporting "$983 past due as of September of 2025" is misleading because it "has the natural effect of re-aging the tradeline in violation of FCRA's seven-year reporting limit, thereby harming the Plaintiff's creditworthiness." Opp'n at 2. But Plaintiff does not cite to any authority to support the position that reporting a factually accurate charged-off

account balance that is still outstanding can be misleading.[7]  Plaintiff also has not provided any support for the notion that listing a past due charged-off amount is "illegal[] 're-ag[ing].'"  Opp'n at 8.

In fact, several courts have found that a report including a charged-off account balance is not inaccurate or misleading under the FCRA.  *Shechter v. Experian Info. Sols., Inc.*, No. 20-5552, 2021 WL 323302, at *4 (D.N.J. Jan. 31, 2021) (finding a plaintiff failed to state a claim under the FCRA because his account was "indisputably charged-off with a legally enforceable past due balance") (citing *Artemov v. Transunion, LLC*, No. 20-1892, 2020 WL 5211068, at *3 (E.D.N.Y. Sept. 1, 2020) (finding that "[m]erely listing a past due balance—an undisputed legal obligation— for a charged-off account is quite different than incorrectly reporting a future monthly responsibility when such requirement no longer exists.")); *Alexander v. Navy Fed. Credit Union*, No. 25-2833, 2025 WL 2535610, at *3 (E.D. Pa. Sept. 3, 2025) (dismissing a claim as insufficient under the FCRA "because a report containing notations reflecting both a charged-off amount and a non-zero past due balance is not accurate or misleading under the FCRA" and explaining that "courts hold that the 'past due' reference is factually correct because that debt remains legally enforceable").

---

[7] Plaintiff quotes *Llewellyn v. Allstate Home Loans*, 711 F.3d 1173 (10th Cir. 2013) to support the position that "[r]eporting can be misleading where a charged-off account appears to be newly delinquent."  This quotation does not appear in this case.  In fact, the term "charged-off" appears nowhere in that opinion.

The presence of fabricated quotations in a brief is a sign that the brief's author may have used generative artificial intelligence ("GAI").  Pursuant to Section I(B) of the Undersigned's Judicial Preferences, if a party uses GAI in any court filings, he must include a mandatory disclosure that: "(1) identifies the GAI program; (2) identifies the portion of the filing drafted by the GAI; and (3) certifies that the GAI work product was diligently reviewed by a human being for accuracy and applicability."  While it seems that Plaintiff utilized GAI in drafting his Opposition, Plaintiff has not provided such disclosure.  Plaintiff is ordered to disclose his use of GAI as described in this Memorandum Order, *infra*.

9

Here, Plaintiff only alleges that the past due, charged-off balance remains.  Compl. ¶¶ 7–8.  Plaintiff alleges that his credit reports list the Account's status as "Account charged-off, $983 written off, $983 past due as of May 2025."  *Id.* at 7.  Plaintiff has not alleged that Capital One continues to report a misleading monthly payment or that this balance is not legally enforceable.  Plaintiff has not alleged facts to support that the statement regarding the Account is inaccurate or misleading, including for example, his monthly account balance or the current status of the Account.[8]  Therefore, the Complaint does not specifically allege inaccurate or misleading reporting in violation of the FCRA.

Accordingly, the Court will **GRANT** Defendant's Motion and **DISMISS** Count I, Plaintiff's FCRA claim, ***without prejudice***.

### C.   Plaintiff Will Be Granted Leave to Amend His Complaint

Sinclair requests that if his claims are dismissed, he be granted leave to amend.  Opp'n at 4.  When a claim is dismissed pursuant to Fed. R. Civ. P. 12(b)(6), leave to amend is typically granted unless amendment would be futile.  *In re Burlington Coat Factory Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997).  A claim is futile if an amended iteration would still fail to state a claim for relief.  *Id.* (citing *Glassman v. Computervision Corp.*, 90 F.3d 617, 623 (1st Cir. 1996)).

Here, any common law or statutory state law claims flowing from Capital One's purportedly inaccurate reporting to the credit reporting agencies, *i.e.*, a claim under the NJCFA or common law fraud, are preempted by the FCRA.  *See supra* Section III.A.  Accordingly, Plaintiff's request for leave to amend his NJCFA claim or any other state common law claims arising from

---

[8] Plaintiff's reliance on *Seamans v. Temple University* is also misplaced.  744 F.3d 853 (3d Cir. 2014).  In *Seamans*, the plaintiff had paid his overdue student loan debt in full, and the furnisher continued reporting the unpaid loan for seven years after it was paid.  *Id.* at 863.  That is not the case here.  Plaintiff has not shown any evidence that he paid the Capital One account balance, and in fact admits the balance is not paid.  *See* Opp'n at 2.

Capital One's reporting to the credit reporting agencies is **DENIED**, as those claims are preempted as a matter of law.

However, Plaintiff's request is **GRANTED** to the extent he believes he can state a claim consistent with this decision under Section 1681s-2(b) of the FCRA.  Plaintiff will have **45 days** to file an amended complaint to cure the deficiencies identified herein.  As noted *supra* Section III.B, Plaintiff is cautioned to only bring an amended FCRA claim if he has complied with all of the FCRA's procedural requirements.

### D.       The Court Will Deny Plaintiff's Motion for a Preliminary Injunction

Plaintiff separately moves for a preliminary injunction to enjoin Capital One from "continuing to report and re-age a charged-off debt on Plaintiff's credit reports, pending final resolution of this matter."  PI Motion at 1.  Because the Court has found that Plaintiff fails to bring a claim under the FCRA, Plaintiff has not shown likelihood of success on the merits of any claim. Therefore, the Court will **DENY** as **MOOT** Plaintiff's Motion for a Preliminary Injunction.  *See KDDI Global LLC v. Fisk Telecom LLC*, No. 17-5445, 2017 WL 5479512, at *7 (D.N.J. Nov. 15, 2017) (collecting cases dismissing motions for a preliminary injunction as moot after granting a motion to dismiss).

### IV.       CONCLUSION AND ORDER

For the reasons set forth above,

**IT IS**, on this **8th** day of June, 2026,

**ORDERED** that Defendant's Motion to Dismiss, D.E. 7, is **GRANTED**; and it is further

**ORDERED** that Count III, Plaintiff's NJCFA claim, is **DISMISSED** *with prejudice*; and it is further

**ORDERED** that Counts I and II, Plaintiff's FCRA and FDCPA claims, are **DISMISSED** *without prejudice*; and it is further

**ORDERED** that Plaintiff's Motion for Preliminary Injunction, D.E. 14, is **DENIED** as **MOOT**; and it is further

**ORDERED** that the Clerk of Court shall mark this case **CLOSED**; and it is further

**ORDERED** that Plaintiff is afforded **45 days** to file an amended complaint that cures the deficiencies set forth above; and it is further

**ORDERED** that Plaintiff shall file a letter on the docket within **30 days** of this Order, indicating: (1) whether he used generative artificial intelligence ("GAI") while drafting his Opposition; and (2) if so, the extent to which he relied upon GAI; and it is further

**ORDERED** that if Plaintiff timely files an amended complaint, the Clerk of Court shall re-open this case; and it is finally

**ORDERED** that the Clerk of Court shall mail a copy of this Memorandum Order to Plaintiff via regular mail.

_____
Evelyn Padin, U.S.D.J.

12